**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| PLAZA GARDENS ON THE LAKE | ) | |
| CONDOMINIUM OWNERS' | ) | |
| ASSOCIATION, INC., and SCHLUP | ) | |
| INVESTMENT, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:14-cv-04232-NKL |
| | ) | |
| v. | ) | |
| | ) | |
| COLONY INSURANCE COMPANY | ) | |
| And SCHLUP INVESTMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiff Plaza Gardens on the Lake Condominium Association, Inc.'s ("Plaza Gardens") motion for attorney's fees, Doc. 42. For the following reasons, Plaza Gardens' motion for attorney's fees is denied.

**I.     Background**

This case arose out of Plaza Gardens' attempt to recover from Schlup Investment, Inc. ("Schlup") for a defectively constructed condominium unit. Schlup is insured by Defendant Colony Insurance Company ("Colony").

On January 9, 2014, Plaza Gardens filed a lawsuit against Schlup in state court to recover damages suffered as a result of the defective construction. In July the state court judge entered judgment in favor of Plaza Gardens. On April 14, 2014, while the state court action was pending, Colony filed a declaratory judgment action against Plaza Gardens and Schlup in federal court, requesting a declaratory judgment that Colony was

1

not required to indemnify Schlup for any award entered against Schlup in the state action. Case 2:14-cv-04102-NKL.  On August 4, 2014, after the entry of judgment in the state liability action, Plaza Gardens and Schlup filed a garnishment action against Colony in state court, seeking to recover the judgment entered against Schlup.  On August 26, 2014, Colony removed the garnishment action to federal court, which is now the case before the Court.

On September 8, 2014, Plaza Gardens filed a motion to remand the garnishment action for lack of jurisdiction.   Plaza Gardens argued that the Court had no subject matter jurisdiction over the case based on two theories.  First, Plaza Gardens argued that 28 U.S.C. § 1332(c), mandates that in any "direct action against the insurer . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State . . . of which the insured is a citizen."  Plaza Gardens noted that as both Schlup, the insured, and Plaza Gardens, the plaintiff, are citizens of Missouri, the statute prevented diversity by mandating that Colony, the insurer, take on the Missouri citizenship of Schlup.  Colony argued that 28 U.S.C. § 1332(c) did not apply to this case because it was not a direct action, as Missouri statute § 379.200 mandates that the insured be joined as a defendant in an action such as this.  Alternatively, Plaza Gardens argued that Missouri statute § 379.200 required that Schlup be joined as a defendant, which precluded diversity as Schlup is a citizen of Missouri.  Colony argued that Schlup was only a nominal defendant, and its citizenship should not be taken into account in determining diversity.

2

On November 7, 2014, a teleconference was held in which the Court granted Plaza Gardens' motion to remand, holding that "[a]ctions under Missouri statute 379.200 are direct actions within the meaning of 28 USC 1332(c)(1), so Colony must take the Missouri citizenship of Schlup Investment. As all parties are citizens of Missouri, there is no diversity in this case and it must be remanded." [Doc. 40].

Following the Court's ruling granting Plaza Gardens' motion to remand, Plaza Gardens filed this motion for attorney's fees, contending that Colony had no objectively reasonable basis for removing this action, which justifies an award of attorney's fees.

## II.    Discussion

Under 28 U.S.C. § 1447(c), a court remanding an action "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." These fee awards are left to the discretion of the district court. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Plaza Gardens contends that Colony had no objectively reasonable basis for removing this action, which entitles Plaza Gardens to an award of attorney's fees. In support of its argument, Plaza Gardens cites a number of decisions from the Eastern District of Missouri and a 2011 decision from this Court holding that actions under Missouri statute § 379.200 are direct actions within the meaning of 28 U.S.C. § 1332(c)(1), as this Court held in granting Plaza Gardens' motion to remand. These

decisions, they argue, should have put Colony on notice that there was no diversity jurisdiction in the garnishment action.

While Plaza Gardens correctly notes that a number of district court opinions exist addressing diversity jurisdiction in this context, neither the Eighth Circuit nor the Missouri Supreme Court has yet ruled on whether actions under § 379.200 constitute direct actions under 28 U.S.C. § 1332. The Eighth Circuit has also raised doubts as to whether § 379.200 requires joinder of the insured in an action such as this, as in some instances the insured may not be a "necessary" party. *Glover v. State Farm Fire and Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993) ("[T]here is some doubt whether Missouri courts require joinder of the judgment debtor in a § 379.200 action."). While a number of district courts, including this Court, have ruled on these issues, there is not sufficient precedent that Colony's removal can be termed unreasonable.

Furthermore, as discussed above, at the time of removal, another declaratory judgment action between the parties was pending before this Court. Colony raised sufficiently meritorious arguments in support of removal that its attempt to remove the garnishment action and consolidate it with the declaratory judgment pending before the Court presented an "objectively reasonable" basis for Colony's attempted removal. In light of this, Plaza Gardens' motion for attorney's fees must be denied.

## III. Conclusion

For the reasons set forth above, Plaza Gardens' motion for attorney's fees, Doc. 42, is denied.

4

s/ Nanette K. Laughrey
                                              NANETTE K. LAUGHREY
                                              United States District Judge

Dated:  January 13, 2015
Jefferson City, Missouri